IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

LLOYD LEWIS,                      )
                                  )
            Plaintiff,            )
                                  )
       v.                         )        1:11-cv-00870
                                  )
DEPARTMENT OF VETERANS            )
AFFAIRS, DEPARTMENT OF THE        )
TREASURY,                         )
                                  )
            Defendants.           )

## MEMORANDUM ORDER

THOMAS D. SCHROEDER, District Judge.

Before the court is the motion of the Defendants, the United States Departments of Veterans Affairs ("VA") and the Treasury, to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(5), and 12(b)(6) or, in the alternative, for summary judgment pursuant to Rule 56 (Doc. 7.) Plaintiff Lloyd Lewis ("Lewis"), proceeding *pro se*, has responded (Docs. 10, 11), and Defendants have filed a reply (Doc. 13). The court conducted a hearing on September 30, 2013. Counsel for the Government was present in the courtroom, and Plaintiff Lewis appeared by telephone. For the reasons set forth below, the court concludes that it lacks subject matter jurisdiction over the action. Therefore, the case will be dismissed.

**I.   BACKGROUND**

Lewis filed this action seeking a temporary restraining order and preliminary injunction against the VA and Treasury[1] in order to prevent them from taking further offsets from his Social Security benefits to pay a debt he allegedly owes. (Doc. 8-1 ¶ 4.)  The VA contends that Lewis owes $4,120.50 as the result of an overpayment of benefits by the VA.  According to Lewis, he misunderstood the requirements for reporting extra income and therefore underreported his income to the VA, resulting in his receipt of extra benefits.  (Doc. 3 ¶ 4.)

Lewis alleges he received a letter from the VA's Debt Management Center on or about August 4, 2008, stating that he had been paid excess benefits and that his Social Security benefits would be withheld to recoup the debt.  (Doc. 11 ¶ 8; Doc 11-1 at 1.)  He claims he never received any further letters from the VA, even though he updated his address in the VA's database.  (Doc. 11 ¶ 8.)

Over a year later, Lewis filed a request for a waiver of indebtedness, which was received by the VA on January 4, 2010. (Doc. 11-1 at 2.)  On January 26, 2010, the VA granted Lewis' waiver request in full based on hardship and waived the debt,

---

[1] During the hearing, Lewis reiterated his statement in his declaration (Doc. 12 ¶ 1) that he filed his complaint against the Department of the Treasury in error and now withdraws it.  At the hearing, moreover, counsel for the Government acknowledged that upon the filing of this lawsuit the Department of the Treasury ceased any efforts to offset Lewis' Social Security benefits to satisfy the alleged debt.

2

which was reported to be $3,880.00. (Doc. 2-2.)[2] Lewis claims he never received the decision because it was sent to the wrong address and, as a result, did not learn the result of his request until May 2011. (Doc. 2 at 2.) Since that time, the VA has claimed that he owes $4,120.50 in outstanding debt, and Lewis asserts he is puzzled by that because his waiver was granted in full. To the extent the VA has made an error, he claims, he was denied the right to appeal it because he was never given notice and seeks to enjoin the VA from offsetting his outstanding debt from his Social Security benefits.

The VA now moves to dismiss or, in the alternative, for summary judgment. (Doc. 7.) It contends the court lacks subject matter jurisdiction over the action on the ground that Lewis failed to exhaust his administrative remedies by not appealing an adverse decision by the VA. In addition, the VA moves to dismiss on the grounds of insufficiency of service of process and failure to state a claim upon which relief can be granted.

**II. ANALYSIS**

Insofar as Lewis has withdrawn any claim against the Department of the Treasury, his sole remaining claim is what in substance amounts to a challenge of the VA's determination that

---

[2] Counsel for the Government was unable to explain why the waiver decision, which purported to grant Lewis' request for a waiver in full, did not cover the current outstanding debt, nor has the Government submitted any documents explaining this discrepancy.

3

he still owes $4,120.50 in overpaid benefits. However, pursuant to 38 U.S.C. § 511, this court lacks subject matter jurisdiction over actions challenging the VA's determination of benefits. See Butler v. United States, 702 F.3d 749, 754 (4th Cir. 2012) ("[Section] 511 precludes jurisdiction over 'cases where adjudicating veterans' claims requires the district court to determine whether the VA acted properly in handling a veteran's request for benefits' and 'also to those decisions that may affect such cases.'" (quoting Veterans for Common Sense v. Shinseki, 678 F.3d 1013, 1025 (9th Cir. 2012))). Instead, there is a separate review apparatus for such claims. See Thomas v. Principi, 394 F.3d 970, 973-74 (D.C. Cir. 2005) ("Other provisions of the [Veterans' Judicial Review Act] demarcate the path to appellate review of secretarial benefits decisions: claimants may first appeal to the Board of Veterans' Appeals, 38 U.S.C. § 7104(a), then to the Court of Appeals for Veterans' Claims, id. § 7252(a), to the Federal Circuit, id. § 7292(c), and ultimately to the Supreme Court, id."); see also Shinseki, 678 F.3d at 1016–17.

This court's authority to determine disputes is limited by the Constitution and laws passed by Congress. See 28 U.S.C. §§ 1331, 1332. Where the court lacks subject matter jurisdiction, it is powerless to entertain an action. Because a determination of the merits of Lewis' claim would require this

4

court to conclude that the VA has incorrectly determined the amount of overpayment that Treasury is required to offset, this court lacks jurisdiction, and the case must be dismissed. The dismissal will be without prejudice to Lewis' rights to seek resolution of his claims in the proper forum. See S. Walk at Broadlands Homeowners Ass'n, Inc. v. OpenBand at Broadlands, LLC, 713 F.3d 175, 185 (4th Cir. 2013).

**III. CONCLUSION**

For the reasons stated, the court finds it lacks subject matter jurisdiction over the action.

IT IS THEREFORE ORDERED that the complaint be DISMISSED WITHOUT PREJUDICE.

/s/   Thomas D. Schroeder
United States District Judge

September 30, 2013